IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

In Re:

LaDONNA HUMPHREY                                          Case No. 5:19-bk-72555
Debtor                                                                          Ch. 7

**MOTION FOR APPROVAL OF SALE PURSUANT TO 11 U.S.C. § 363
AND NOTICE OF OPPORTUNITY TO OBJECT AND OVERBID**

Bianca Rucker, the duly-appointed and acting Trustee for the above-captioned estate ("Trustee"), by and through her attorney, for her Motion for Approval of Sale Pursuant to 11 U.S.C. § 363, and Notice of Opportunity to Object and Overbid ("Motion"), respectfully states:

1. On September 19, 2019, the Debtors filed a voluntary, Chapter 7 bankruptcy proceeding, and Bianca Rucker was appointed Trustee.

2. The Debtors' 341(a) meeting was held and concluded on October 21, 2019.

3. The Trustee has received an offer to buy certain claims and causes of action that are property of the bankruptcy estate in this case: Absolute Pediatric Services, Inc. d/b/a Absolute Pediatric Services ("Absolute") has offered to pay to Bianca Rucker, Bankruptcy Trustee for the LaDonna Humphrey for the benefit of the bankruptcy estate, a total of twelve thousand five hundred dollars (**$12,500.00**) ("Purchase Price"), to be paid within fourteen (14) days of an entry of an order approving this Motion, for the purchase and assignment to them of all claims and potential claims that LaDonna Humphrey may have that are part of the estate, except as stated herein. Such claims include but are not limited to:

1. Any and all claims including appeals, and specifically Ms. Humphrey's counterclaim of fraud, whistleblower, and violations of the False Claims Act of 31 USC 3730, arising out of or related to the facts and claims in the state court lawsuit, *Absolute Pediatric Services, Inc. d/b/a Absolute Pediatric Therapy and Anthony Christopher v. LaDonna Humphrey, Individually*, in the Circuit Court of Benton County, Arkansas, Case No: 04CV-18-2961; and
2. Any and all claims including claims asserted or unasserted for slander, false light, defamation, tortious interference with business expectancies, and/or any other intentional tort or related claims against Kenneth Medlin, Anthony Christopher, Absolute, Joe Rocko, Wanda Easch, Felicia Ramos, Linnea Heintz, Heather Johnson, and others as the situation evolves.

("Proposed Offer"). The Proposed Offer does not include the sale of any avoidance,

1

transfer, or preference actions and such causes of action are not a part of this proposed sale. The Proposed Offer does not include the alleged malpractice action listed on the Amended Schedules at Dkt. No. 30, Question No. 34.

4. The Proposed Offer is the highest and otherwise best offer received to date.

5. Subject to a higher overbid made according to the procedures set out below, the Trustee believes such sale and assignment for the Purchase Price is in the best interests of the bankruptcy estate including for the following reasons:

   a) A $0.00 exemption has been claimed in these assets and none shall be paid;
   b) A sale and assignment avoids the actual costs and risks of litigation for the estate; and,
   c) it is anticipated such Purchase Price will enable the Trustee to make a distribution to unsecured creditors.

6. Further, 11 U.S.C. § 363 allows a bankruptcy trustee to sell such assets for the benefit of the bankruptcy estate.

7. For these reasons, the Trustee requests that the Court approve this Proposed Offer, or that the Court approve the sale to the highest or otherwise best overbidder if submitted in a subsequent proposed order, and that she be authorized to execute any documents reasonably necessary to transfer or assign such causes of action after Court approval.

## **NOTICE OF OPPORTUNITY TO OBJECT**

NOTICE is hereby given to all creditors and parties in interest of the terms and provisions of the above-stated Motion; any creditor or party who desires to object to said Motion should file a written objection with the Court (United States Bankruptcy Court Clerk, 35 E. Mountain, Room 316, Fayetteville, Arkansas 72701) and serve a copy upon the Trustee within **21 days** from the Date of this Notice stated below.

Objections and other responses, if any, will be set for hearing by subsequent notice by the Court, at the U.S. Bankruptcy Courtroom, 35 E. Mountain Street, Fayetteville, Arkansas. If no objections or responses are filed, all creditors and parties-in-interest will be deemed to have consented to the Motion, and the Trustee will submit a proposed order to the Court granting the Motion, which the Court may enter without further Notice.

**DATE OF THIS NOTICE: December 4, 2019**

## **NOTICE OF OPPORTUNITY TO OVERBID**

Any party wishing to submit a QUALIFIED overbid, a party must, on or before **December 23, 2019**:

1. Transmit a written offer on the same or better terms in the Trustee's sole opinion for the minimum overbid price of **$13,500.00** to Bianca Rucker, Trustee, at ruckerlaw@outlook.com.

2. Deposit "earnest money" in the amount of $2,000.00 made payable to Bianca Rucker, Bankruptcy Trustee for LaDonna Humphrey, which amount shall be forfeitable to the estate if the overbidder is the successful buyer at auction and fails to close for any reason (other than the Trustee cannot obtain Court approval based on other parties' objections).

3. Prior to the auction, provide proof sufficient to the Trustee in her sole opinion of the overbidder's ability to close.

If the Trustee, in her sole opinion, determines an overbid received during this time is Qualified, the Trustee, or her authorized agent, will conduct an auction by telephone on **Monday, December 30, 2019, at 1:00 pm, central time**, in minimum bidding increments of $1000.00, between the Proposed Buyer and any Qualified Overbidders.

At the conclusion of the auction, the Trustee will name the successful bidder, who shall within fourteen (14) days tender to the Trustee the overbid amount, to be placed in the Trustee's estate account and held pending Court approval of the sale and closing. Also at the conclusion of the auction, the Trustee will submit a proposed order to the Court approving the sale to the offeror herein if there are no qualified overbids, or to the successful bidder at auction.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion pursuant to 11 U.S.C. § 363, approve the sale and assignment of the subject assets referenced herein to the proposed buyer, or to the successful overbidder at auction, and for all other relief to which she is entitled.

Respectfully submitted,

*/s/ Bianca Rucker*
Bianca Rucker (2006310)
RUCKER LAW PLLC
One East Center St., Ste. 215
Fayetteville, Arkansas 72701
(479) 445-6340
(479) 689-7335 (fax)
ruckerlaw@outlook.com
*Counsel for Trustee*

3

## **CERTIFICATE OF SERVICE**

      I certify that on December 4, 2019, the foregoing Motion was filed with the Clerk of the Court via the CM/ECF filing system which will generate a Notice of Electronic Filing of the above pleading to all registered CM/ECF Filing Users in the above-captioned case, including the debtor's counsel and the U.S. Trustee, and that also on August 29, 2019, a copy was sent by regular, first-class, U.S. Mail to the parties on the debtor's creditor matrix filed with the original of this Motion.

                                                                  */s/ Bianca Rucker*
                                                                   Bianca Rucker